IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| K. SCOTT STOKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) FILE No. 1:24-cv-03833-MHC |
| 12690 CRABAPPLE, LLC and | ) |
| CTA PROPERTIES, LLC, | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT

COMES NOW, K. SCOTT STOKES, by and through the undersigned counsel of record, and files this, pursuant to Fed. R. Civ. P. 15(a)(1)(A), his First Amended Complaint against Defendants 12690 CRABAPPLE, LLC and CTA PROPERTIES, LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## PROCEDURAL BACKGROUND

1. Plaintiff filed his original Complaint against S & L Service Center Inc. ("S & L") and CTA Properties, LLC ("CTA") on August 28, 2024. [Doc. 1].

2. Pursuant to Fed. R. Civ. P. 4(d) and via its counsel, CTA executed a waiver of the service of summons of Plaintiff's original Complaint on November 1, 2024, and filed with the Court on November 1, 2024. [Doc. 6].

3. Fed. R. Civ. P. 15 provides that a party may amend its pleading once as a matter of course within twenty-one (21) days of service. Fed. R. Civ. P. 15(a)(1)(A).

4. Pursuant to Fed. R. Civ. P. 4(d)(4), CTA was deemed to have been served upon the filing of the waiver, i.e. November 1, 2024.

5. Plaintiff therefore files the foregoing First Amended Complaint as a matter of course within twenty-one (21) days of service for the purpose of adding 12690 Crabapple, LLC as a defendant to this case, removing S & L as a defendant to this case, and to further clarify the violations as alleged.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

7. Venue is proper in the federal District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

8. Plaintiff K. Scott Stokes (hereinafter "Plaintiff") is and has been at all times relevant to the instant matter, a natural person residing in Roswell, Georgia (Fulton County).

9. Plaintiff is a quadriplegic and is disabled as defined by the ADA.

10. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and pinching.

11. Plaintiff cannot walk and uses a wheelchair for mobility purposes.

12. Defendant 12690 Crabapple, LLC (hereinafter "Crabapple") is a Georgia limited liability company that transacts business in the state of Georgia and within this judicial district.

13. Crabapple may be properly served with process via its registered agent for service of process as designated with the Georgia Secretary of State, to wit: Salman Parbatani, 12690 Crabapple Road, Milton, Georgia 30004.

14. CTA is a Georgia limited liability company that transacts business in the state of Georgia and within this judicial district.

**FACTUAL ALLEGATIONS**

15. On or about August 3, 2024, Plaintiff was a customer at "Welcome Foods Crabapple," a business located at 12690 Crabapple Road, Alpharetta, Georgia 30004.

16. Crabapple is the lessee (or sub-lessee) of the real property and improvements that are the subject of this action. (The structures and improvements situated upon said real property shall be referenced herein as the "Facility," and

said real property shall be referenced herein as the "Property").

17. CTA is the owner (or co-owner) of the Facility and Property.

18. Plaintiff lives approximately three (3) miles from the Facility and Property.

19. Plaintiff's access to the business located at 12690 Crabapple Road, Alpharetta, Georgia 30004 (identified by Fulton County Property Appraiser's parcel number 22 400111350068), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

20. Plaintiff has visited the Facility and Property at least once before and intends on revisiting the Facility once the Facility and Property are brought into compliance with the 2010 ADAAG standards.

21. Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

22. Plaintiff travelled to the Facility and Property as a customer and as an advocate for the disabled, encountered the barriers to his access of the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal

harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

23. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

24. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

25. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

26. The Facility is a public accommodation and service establishment.

27. The Property is a public accommodation and service establishment.

28. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

29. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993, if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

30. Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

31. The Facility must be, but is not, in compliance with the ADA and ADAAG.

32. The Property must be, but is not, in compliance with the ADA and ADAAG.

33. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property, and as an advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

34. Plaintiff intends to visit the Facility and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA

violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

35. Defendant has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

36. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

37. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

**(a)   EXTERIOR ELEMENTS:**

(i)    The accessible parking space on the Property does not have identification signage that complies with section 502.6 of the 2010 ADAAG standards.

(ii)   The accessible parking space on the Property does not have a properly marked access aisle adjacent to it, in violation of section 502.3.3 of the 2010 ADAAG standards.

(iii)  The accessible entrance to the Facility has a broken doorway threshold with a vertical rise in excess of ½" (one half inch) that is not beveled or ramped, in violation of sections 302, 303 and 404.2.5 of the 2010 ADAAG standards.

**(b)   INTERIOR ELEMENTS:**

(i)    The Facility lacks restrooms signage that complies with sections 216.8 and 703 of the 2010 ADAAG standards.

(ii)   The hardware on the restroom doors in the Facility have operable parts that require tight grasping, pinching or twisting of the wrist, in violation of section 309.4 of the 2010 ADAAG standards.

(iii)  The rear grab bars adjacent to the commodes in the restrooms in the Facility are not adequately sized and are improperly

installed, in violation of section 604.5 of the 2010 ADAAG standards.

(iv)  The restrooms in the Facility have cabinet-style sinks that provide for no knee and toe clearance, in violation of sections 305, 306 and 606.2 of the 2010 ADAAG standards. Further, the placement of these cabinet sinks renders the adjacent commodes entirely inaccessible to disabled persons.

**(c)   POLICY ELEMENTS**

(i)  The Facility and Property have not been adequately maintained in operable working condition for those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities, in violation of section 28 C.F.R. § 36.211.

(ii)  Upon information and good faith belief, Defendants fail to adhere to a policy, practice and procedure to ensure that all features and facilities at the Facility and Property are readily accessible to, and usable by, disabled individuals.

38.  Without limitation, the above-described violations of the ADAAG made it more difficult for Plaintiff to exit and re-enter his vehicle on the Property, more difficult for Plaintiff to enter and exit the Facility and rendered the restrooms

in the Facility inaccessible to Plaintiff.

39. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

40. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

41. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

42. All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

43. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

44. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

45. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

46. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

47. Plaintiff's requested relief serves the public interest.

48. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

49. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

50. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendants in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendants from continuing its discriminatory practices;

(c)   That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject Facility and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(d)   That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(e)   That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: November 19, 2024.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
Ehrlich Law Office, LLC
493 Flat Shoals Avenue, S.E.
Atlanta, Georgia 30316
Tel: (404) 365-4460
craig@ehrlichlawoffice.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2024, I electronically filed the foregoing First Amended Complaint with the Clerk of Court for the District Court for the Northern District of Georgia via the Court's CM/ECF system. A true and correct copy of the foregoing will be served upon the following parties via electronic mail:

CTA Properties, LLC
c/o Evan Rosen, Esq.
Jackson Lewis, P.C.
171 17th Street, N.W., Suite 1200
Atlanta, Georgia 30363
evan.rosen@jacksonlewis.com

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich